**Daniel Raymond BERRIEL, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

Civ. No. 68–987.

United States District Court
S. D. Florida,
Miami Division.

Oct. 14, 1968.

Daniel Raymond Berriel, in pro. per., for petitioner.

Jesse J. McCrary, Asst. Atty. Gen., State of Fla., for respondent.

ORDER

EATON, District Judge.

On August 19, 1968, Daniel Raymond Berriel petitioned this Court for a Writ of Habeas Corpus. He has exhausted

his state court remedies in reference to his right to direct appeal from his state court conviction. However, in the response to an Order to show cause, the Respondent did not contest the allegation that a break-down in the state's appellate machinery denied the Petitioner, an indigent, his right to appeal his conviction with adequate representation by counsel. Respondent urges that this Court "allow" Petitioner leave to pursue the relief he seeks through the medium of Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A.

Following Berriel's conviction, his court-appointed counsel did file in Petitioner's behalf, albeit unseasonably, notice of appeal and assignments of error in an abortive attempt to appeal the conviction. He attempted to assign as error (1) denial of a motion for continuance and (2) denial of a motion to suppress a purported confession.

Thereafter, Petitioner, without benefit of counsel and without success, raised those same grounds in Rule 1.850 proceedings before the trial court and in a habeas corpus proceeding in the Supreme Court of Florida. The trial judge has denied a motion for new trial and has rejected one of the enumerated grounds on two separate Rule One proceedings brought by this Petitioner. Under the circumstances, a Rule One proceeding would be an inadequate alternative to direct appeal—even if Petitioner were afforded counsel. He has been deprived of a federal constitutional right through no fault of his own. He is entitled to either a new trial or appellate review of the record of the trial which resulted in his conviction.

Ordinarily, the procedure to be followed in securing appellate review of state court criminal convictions is and should be left to the states. However, in consideration of the facts of this particular case, "allowing" the Petitioner to pursue his remedy under Rule 1.850 does not appear "just under the circumstances." Buchanan v. United States, 379 F.2d 612 (5th Cir. 1967).

Therefore, it is

Ordered and adjudged that:

1. Petitioner may be detained within the Respondent's custody for a reasonable period of time,[1] or until further Order of this Court, in order that the State of Florida may either grant and afford Petitioner a new trial on the criminal charges upon which he was convicted, or provide him with a review of his conviction with the aid of counsel on direct appeal as adequate as if counsel had pursued the appeal and rendered the services of an advocate in the first instance. Cedillo v. Beto, 399 F.2d 667, 5th Cir. August 12, 1968; Merkel v. Beto, 387 F.2d 854 (5th Cir. 1968); Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966).

2. In the event the State of Florida elects to provide Petitioner with a review of his conviction, such review may take the form of either a regular or extraordinary proceeding (but not a Rule 1.850 proceeding), but it must be the equivalent of a direct appeal, in which the appellant is represented by counsel, to the appropriate appellate court. Further, Petitioner must not be held to the assignments of error which were attempted to be filed in the prior abortive appellate effort.

3. In the event the State of Florida does not provide Petitioner with one of the proceedings detailed above within a reasonable period of time, this Court will be obliged to issue the writ sought by Petitioner and to grant his release from the custody of the Respondent.

1. This record discloses that there are "detainers" lodged against the Petitioner.