MANN, Judge.
As he does so often, usually with justification, the Public Defender assigned to represent indigents in this District has filed a brief alleging that there is no arguable merit in this appeal, citing only Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. It is time to remind the bar that in Anders the Supreme Court of the United States reversed a decision of the Supreme Court of California because arguable issues had not been argued. The distinction is simple: counsel’s job is not to tell us that the appeal is without merit. That is judges’ work. The advocate’s duty is to argue any point which may reasonably be argued, and to leave the deciding to us.
Arguable questions jump out of this record at the casual reader. Wright was charged by information with having broken and entered an automobile with intent to commit a misdemeanor. The evidence is that Wright and another, on January 14, 1972, broke and entered an automobile and stole a radio. At the conclusion of the trial the following is recorded:
THE COURT: Record the verdict and discharge the jury. Approach the bench for sentencing. The Court will accept the Jury’s verdict and make an adjudication of guilt. Mr. Gardner, do you or your client have any comments prior to disposition?
MR. GARDNER: Your Honor, I don’t have any. Do you have any comments?
MR. WRIGHT: (Nodded negatively.)
MR. GARDNER: No, your Honor.
THE COURT: All right. Mr. Gardner, can you or your client show cause why sentence should not be pronounced at this time?
MR. GARDNER: No, your Honor.
THE COURT: All right. The Court will sentence the defendant under Florida Statute 775.084, subsequent felony offenders, extended terms. Under Section 1, unless otherwise specifically provided by Statute, the Court may sentence a person who has been convicted of a felony within this State to punishment provided within this section if it finds all of the following: (A) The imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant.
I do have the defendant’s criminal record before me. It shows in July of 1968 an auto theft, dismissed. That was July 3 of 1968. July 30th of 1968, auto theft, noil pressed. July 30, 1968, four months County Jail, using without owner’s consent. July 14, 1969, sixty days straight, larceny of auto. September 12, 1969, larceny auto, $250.00 or thirty-six days. January 13, 1970, shoplifting, noli pressed. March 13, 1970, shoplifting, $250.00 or ninety days. March 20, 1970, B & E, one year State Prison. March 26, 1970, suspicious person, ninety days straight. And then there are two charges here, one in Savannah, Georgia, one in Portsmouth, Virginia, for auto larceny, no dispositions. Of course, we have this case here today, which speaks for itself.
How old are you, Mr. Wright?
MR. WRIGHT: Twenty-one.
*19 THE COURT: On the prerequisites of this one is that the defendant is over seventeen years of age at the time the sentence is to be imposed under this section.
The defendant has to have been previously convicted of a felony in this state or another qualified offense, which was committed after the defendant’s seventeenth birthday. The purpose of this subsection as to term “qualified offense” includes any term in violation of the other state that is punishable under such state at the time of its commission by the defendant by death or imprisonment exceeding one year.
I do have the Court file here before me, file No. 71777 in the Criminal Court of Record of Hillsborough County, Florida, which shows that on June 11, 1970, the defendant Gerald Green Wright pled guilty to breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, under Florida Statute 810.05, F.S.A., was adjudged guilty and sentenced to one year in the State Prison.
Nextly, that the felony for which the defendant is to be sentenced was committed within five years of the date of the commission of the last prior felony, or other qualified offense, of which he was convicted or within five years of the defendant’s release on parole or otherwise, for prison sentence or other commitment imposed as a result of the prior convictions for a felony or other qualified offense, whichever is later.
Obviously the 1970 burglary comes within this section.
Next, that the defendant does not receive a pardon on the ground of innocence of felony or other qualified offense that is necessary for the operation of this offense.
Next, that the conviction of felony or other qualified offense necessary for operation of this section has not been set aside in any post-conviction proceeding.
In conformity with the criteria set forth in the case of felony of third degree, the Court can sentence him to ten years.
Court does find that the imposition of this sentence is for the protection of the public. All right. Mr. Gardner, again, can you or your client show cause why sentence should not be pronounced at this time?
MR. GARDNER: No, your Honor.
THE COURT: It is the judgment, order and sentence of the Court that Gerald Green Wright be confined in the State Prison at Raiford for a period of ten years. Give him credit for all time previously served. Assess a dollar Court Cost. He has a right to appeal and must do so within thirty days. We will stand adjourned.
The statute[1] under which the trial judge sentenced Wright became effective January 1, 1972. This is the first case in which its proper construction has been presented. Whether the trial judge proceeded properly in this case is an arguable question, which we do not prejudge. An-ders says clearly, however, that Wright has not had due process in this court until his case has been properly briefed. In view of the Public Defender’s reluctance to do so, we grant his motion to withdraw as counsel and appoint Paul Barnard, Esq., of the St. Petersburg bar, as substitute counsel. Upon Mr. Barnard’s filing of an appearance herein, attesting that the files have been turned over to him, the Public Defender for the Twelfth Circuit is relieved as counsel to Wright. Mr. Barnard is allowed thirty days from the date of receipt of the files within which to file a brief on appellant’s behalf. In the preparation of this brief he is authorized to utilize the services of students in the Public Defender Clinic at Stetson University College of Law, pursuant to Article XVIII of the Integration Rule of The Florida Bar. The State is allowed twenty days from the filing of appellant’s brief to file a new brief on behalf of the State.
HOBSON, A. C. J., and McNULTY, J., concur.

. Fla.Stat. § 775.084, F.S.A. (1971). See Fla.Stat. § 810.051, F.S.A., for the substantive offense.