287 So.2d 372 (1973)
James Wesley ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-438.
District Court of Appeal of Florida, Second District.
December 19, 1973.
*373 James Wesley Ross, pro se, and Walter R. Talley, Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
The specific allegations in Ross' petition for postconviction relief are refuted by the record, but his conclusion is not. The trial judge denied relief without an evidentiary hearing, and Ross appealed. We have the transcript of his trial from an earlier direct appeal, in which this court affirmed the conviction, 254 So.2d 40 (Fla.App.2d 1971). A reading of the transcript leads us to the conclusion that Ross himself has forgotten at least some of the significant details. But there is in this case a compound violation of the principle laid down in Anders v. California, 1968, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and we must, as we did in Wright v. State, 269 So.2d 17 (Fla. App.2d 1972), appoint successor counsel to assist Ross. The facts and the law are by now so confused that we should start at the beginning.
We do not start at Ross' beginning: his petition begins with his enlistment in the Navy in 1965, and includes his wife's maiden name and the place where he was employed in Clearwater, to mention but two irrelevant details. We begin with this bizarre case.
One night Ross drove along Ft. Myers beach and saw a young couple communing with nature. He forced the man at gunpoint into the trunk of the other man's car, closed the lid, then took the girl to his own car, in which they proceeded to the Everglades. He expressed an interest in her bra size and forced her to disrobe and to endure some other indignities, but did not molest her sexually. After a night in the wild, they made their way back to the highway, where the girl was liberated and Ross was taken into custody.
Contrast now the petition for post-conviction relief, on the one hand, and the trial, on the other. Ross' petition states:
"After the defendant was arraigned, he did not see his counsel until the day before he went to trial. On this day, his counsel conferred with him, and strongly urged the defendant to enter a plea of guilty. Defendant refused to enter such a plea for specific reasons made known to his counsel. Counsel Midgley immediately became angry and told defendant it was absurd to deny entering a plea of guilty, and to further demand a jury *374 trial. Defendant was persistent in his desire for a jury trial. As a result, counsel made this statement to the defendant, `Alright, you want a jury trial, we'll have one tomorrow.' Defendant then asked his counsel if he wished to move for a continuance. Counsel informed defendant that he did not.
"The next day as defendant's counsel had vowed, the defendant appeared before this court for trial. The defendant was found guilty on both counts following a jury trial on November 20, 1970. In effect, counsel appeared in this court supposedly ready to represent defendant after a period of one night's preparation.
"The defendant elucidated to his counsel his mental background prior to trial. However, defendant's counsel desisted in reference to utilizing such criteria as a defense. Counsel admitted, during the trial, knowing about filing a notice of intent to plead not guilty by reason of insanity, with the Prosecuting Attorney's Office fifteen (15) days before trial, yet counsel did not. Considering the defendant's psychiatric background, this operated as prejudicial to the final disposition of the defendant's case.
"During the month of November, 1970, the defendant was sentenced under the foregoing circumstances, to the Florida Division of Corrections for a period of thirty five (35) years.
"The defendant asserts due to his indigence, he was not represented by adequate, effective, and competent counsel.
"As a consequence of the foregoing, the defendant alleges that his judgment of guilt and sentence of imprisonment aforesaid, violated his rights to due process of law and is illegal, unlawful, and unconstitutional and should be vacated and set aside."
The trial transcript makes it obvious that the insanity defense was the feature of the trial. There was indeed some objection to procedural irregularity in Ross' counsel's failure properly to raise the issue, but the trial court overruled these objections. Three psychiatrists testified, two for Ross and one for the State, in rebuttal. The first testified that Ross' ability to distinguish right from wrong was blunted at the time of the crime, but was not positive in asserting insanity under the McNaghten test. The second was, during the questioning to qualify him as an expert, asked whether he considered the patient's history in arriving at a diagnosis, and admitted that without listening to his patient he could not form an opinion. His proffered testimony strongly supported Ross' claim of insanity. It was excluded. The third psychiatrist testified that nobody could know whether Ross was insane at the time of the alleged offense.
The question whether the second psychiatrist's testimony was properly excluded was patently arguable, yet Ross' appellate counsel did not argue it. On this appeal from summary denial of post-conviction relief, Ross' counsel again submits the case as without arguable merit either as to the allegation of incompetency of trial counsel or as to the underlying appellate argument left unmade in the prior appeal.
This case reeks with arguable merit, and for reasons set forth in Wright v. State, supra, we appoint successor counsel, with directions to file on Ross' behalf a brief treating at least one important question, and such others as he may perceive.
We are, then, confronted with the question how to reach a failure of counsel to argue an appeal here, after the case is closed. We think all that could be offered is contained in the record, and accordingly treat the appeal papers alternatively as a petition for habeas corpus under Baggett v. Wainwright, Fla. 1970, 229 So.2d 239. No formal issuance of the writ is necessary, but we indicate here that we will consider on the present appeal all matters which should have been argued in the direct appeal. *375 This must include the important question, on which we find no Florida precedent, whether a psychiatrist may testify as to the sanity of the defendant at the time of the commission of the offense, using in part history related by the defendant during examination. This question is fraught with serious implications. The State's position, accepted by the trial court, was that unless the facts on which the diagnosis was based appear in evidence the opinion cannot be received. The implications of this case are of considerable legal significance. On Ross' side there is at least John Henry Wigmore, who wrote colorfully of the problem, 3 Wigmore, Evidence § 688, esp. n. 1. Annotations at 51 A.L.R.2d 1051 and 65 A.L.R. 1217, are specifically in point. See also Annot., 175 A.L.R. 274, 287; State v. Johnson, 1962, 256 N.C. 449, 124 S.E.2d 126.[1]
We hold, therefore, that Ross has not had the effective assistance of counsel on his prior appeal and grant delayed appellate review of the issues properly raisable therein. See Swenson v. Bosler, 1967, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Berriel v. Wainwright, S.D.Fla. 1968, 290 F. Supp. 669; Foxworth v. Wainwright, 5th Cir.1971, 449 F.2d 319.
We grant delayed appellate review to consider questions not briefed in Appeal No. 71-79 and appoint the Honorable James Gardner as successor counsel in this case with further directions to brief and argue any other question arguable upon the instant appeal from summary denial of post-conviction relief. The court will set this cause for oral argument upon submission of briefs.
Ordered accordingly.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] There are Florida cases holding that a "treating" physician may testify on the basis of history related by the patient, Marshall v. Papineau, Fla.App.1st 1961, 132 So.2d 786. On the other hand, an "examining" physician who is presumably consulted with litigation in view is not allowed so to testify. Troj v. Smith, Fla.App.2d 1967, 199 So.2d 285; Bondy v. West, Fla.App.2d 1969, 219 So.2d 117.