**Carlos E. MOORE, Petitioner–Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent–Appellee.**

**No. 79–3329.**

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1980.

Rehearing Denied Jan. 23, 1981.

David J. Busch, Asst. Public Defender, Michael J. Minerva, Public Defender, Tallahassee, Fla., for petitioner–appellant.

Raymond Marky, David P. Gauldin, Asst. Attys. Gen., Tallahassee, Fla., for respondent appellee.

Before RONEY, HILL and FAY, Circuit Judges.

RONEY, Circuit Judge:

Petitioner Carlos Moore, presently serving a life sentence in Florida for robbery, appeals from the district court's denial of habeas corpus relief. The issue on appeal is whether he is entitled to a free, complete transcript of all the trial court proceedings, even though neither his trial or appellate counsel sufficiently complied with the Florida procedure to obtain a transcript of the portions of the trial court proceedings relevant to an appeal. The district court held that the state procedures followed by the trial court for determining whether a defendant should receive a complete transcript did not violate the right of petitioner to due process and equal protection of the law. We affirm.

The problem in this case, as demonstrated by the following facts, is created by the failure of petitioner's counsel to file assignments of error on appeal and the attempt by the public defender's office which tried the case to pass the appeal to a public defender's office which did not participate in the trial.

In 1973, petitioner, represented by a public defender of the Eighth Judicial Circuit of Florida, was found guilty of robbery and sentenced to life imprisonment.

Petitioner's trial counsel filed a motion for a new trial, alleging that the judge erred in giving a certain jury instruction over the petitioner's objection, and that the verdict was contrary to the law and the weight of the evidence. This motion was denied. Trial counsel then filed a timely notice of appeal.

The trial judge appointed trial counsel to continue to represent petitioner on appeal. Trial counsel thereupon requested the Public Defender's Office of the Second Judicial Circuit of Florida to handle the appeal, as permitted by Florida law. See section 27.-51(4), Florida Statutes (1973). We hereinafter refer to this counsel as appellate counsel to differentiate between counsel from this public defender's office and the office of trial counsel.

Appellate counsel then filed with the trial court a motion for an order directing the court reporter to transcribe "all proceedings in this cause including the arraignment, any hearings on the motions, trial (including closing argument of the prosecution) and sentencing." The court held that petitioner was only entitled to those portions of the transcript to which the assignments of error related. Since no assignments of error had been filed, the court denied the motion with leave to amend upon the filing of such assignments.

The same counsel then filed the same motion in the Florida District Court of Appeal, First District. In a written opinion in three consolidated cases all attacking the Florida procedure, that court denied relief. *Moore v. State*, 298 So.2d 561 (Fla.App. 1974). A petition for a writ of mandamus

from the Florida Supreme Court proved similarly unsuccessful.

At this juncture, trial counsel filed a motion to withdraw as counsel of record, and also submitted an affidavit stating that he could not in good faith file any assignments of error. The trial court denied the motion, holding that, pursuant to a Florida administrative order, trial counsel may not withdraw until he files assignments of error. Trial counsel has therefore never been relieved of his representation of petitioner, although all subsequent proceedings in both state and federal court have been handled by other counsel.

The direct appeal of petitioner's conviction went forward without any portion of the trial transcript appearing in the appellate record. The sole issue argued on appeal was the refusal of the trial court to supply appellate counsel with the complete transcript. Petitioner's conviction was summarily affirmed. *Moore v. State*, 322 So.2d 88 (Fla.App.1975), *cert. dismissed*, 336 So.2d 1183 (Fla.1976), *cert. denied*, 429 U.S. 1046, 97 S.Ct. 751, 50 L.Ed.2d 759 (1977).

Appellate counsel then brought this action on behalf of petitioner for a federal writ of habeas corpus. The district court denied relief.

It is important to specify at the outset the precise issue presented to this Court. Petitioner contends that he has been denied due process and equal protection of the laws because the state has prevented him from obtaining a complete transcript of the trial proceedings for an appeal. Petitioner has *not* argued, either in the state courts or in the federal district court, that he has been denied a meaningful appeal because of the failure of trial counsel to file assignments of error or otherwise comply with the procedures mandated by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court is generally limited, of course, to consideration of those issues presented to the district court, and the district court is limited to consideration of those issues exhausted through state proceedings. 28 U.S.C.A. § 2254 (1977).

■ Under Florida law, an indigent defendant is entitled at state expense to only those portions of the transcript which relate to the assignments of error filed with the trial court. *Cueni v. State*, 303 So.2d 411 (Fla.App.1974), *cert. denied*, 310 So.2d 738 (Fla.1975), *cert. denied*, 423 U.S. 837, 96 S.Ct. 64, 46 L.Ed.2d 56 (1975). To ensure that court–appointed counsel promptly file the assignments of error, thereby setting the appeal into motion, the Florida courts by administrative order provide that counsel will not be permitted to withdraw from a case until the assignments have been filed, together with other documents not relevant here. General Administrative Order No. 5 (1974). This administrative order has since been incorporated, with minor changes, into Rule 9.140 of the Florida Rules of Appellate Procedure. *See In re Rule 9.140*, 376 So.2d 844 (Fla.1979). It is these procedures, followed by the trial court, which petitioner must show unconstitutionally deny him an effective appeal.

■ While it is clear that an indigent defendant is entitled to a free transcript on appeal, *see Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the state is not obligated to automatically supply a complete verbatim transcript. In *Draper v. Washington*, 372 U.S. 487, 495–96, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963), the Supreme Court stated:

> [P]art or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged related only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point

which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review (footnote omitted).

*See also Mayer v. Chicago*, 404 U.S. 189, 194–95, 92 S.Ct. 410, 414–15, 30 L.Ed.2d 372 (1971).

In *Mack v. Walker*, 372 F.2d 170 (5th Cir. 1966), *cert. denied*, 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573 (1969), a habeas corpus proceeding involving Louisiana state prisoners, this Court upheld the denial of a complete transcript to indigent petitioners under circumstances similar to the present case. The petitioners in *Mack* contended they were entitled to a "complete, word by word transcript." *Id.* at 172. The Louisiana courts had denied their requests because petitioners had not shown that any portion of the transcript was related to the bills of exception filed. This Court affirmed the denial of habeas corpus relief, holding that petitioners had not alleged any violations of their constitutional rights which would require a complete transcript. *See also Bradley v. Texas*, 470 F.2d 785 (5th Cir. 1972); *Rim v. Florida*, No. 75–193 (N.D. Fla. May 1, 1977).

■ On the basis of these decisions, it is apparent that the Florida procedures, which limit a defendant's right to a free transcript to only those portions pertinent to the assignments of error, are not in themselves unconstitutional.

Petitioner argues, however, that the Florida procedures deny him an effective appeal because he is represented on appeal by new counsel not present at trial. Petitioner contends that appellate counsel is unable to determine what are the appealable issues without a transcript.

This argument is flawed because it overlooks the role in the appellate process that Florida has mandated for the trial counsel.

Trial counsel is not permitted to withdraw from a case until assignments of error are filed. Once assignments are filed, pertinent portions of the transcript may be obtained at state expense. Other appellate counsel may then handle the appeal based on these assignments of error.

■ Unlike the new counsel, trial counsel is well aware of what went on at trial. Counsel should not find it difficult to assign errors on the basis of notes and personal recollection without the need to review a complete transcript. Indeed, trial counsel in this case filed a motion for a new trial without any transcript. A state is not required to furnish complete transcripts so that defendants and their counsel may conduct "fishing expeditions" to seek out possible errors at trial. *See Hines v. Baker*, 422 F.2d 1002 (10th Cir. 1970); *United States v. Taylor*, 223 F.Supp. 773 (S.D.Cal.1963). Of course, as the district court noted, in the event trial counsel is not available to participate in the appellate process because of death or some other fortuitous circumstance, there might be a compelling basis for supplying new counsel with a complete transcript. If trial counsel is still available, however, there is no justification for arguing that the rules denying trial counsel a full transcript can be cirumvented by one Public Defender's Office by passing to the other the role of appellate counsel. Second counsel in a case like this should see that petitioner's rights are protected through remedies available against trial counsel, rather than through the assertion of remedies that would not be available to first counsel.

Petitioner further argues against the constitutionality of Florida procedures as applied to his case because his trial counsel could not perform the crucial function of filing assignments of error. Although trial counsel had asserted errors in the motion for a new trial, he later filed an affidavit with the trial court stating that he could not in good faith file assignments of error. After two brief introductory sentences, the affidavit read in full as follows:

Although I have not had an opportunity to review the transcript of the proceedings, I have no recollection of any appealable error, either procedural or substantive, in the proceedings before the trial court. I therefore, in good faith, cannot file Assignments of Error in this cause.

In an attempt to explain why the grounds for the new trial motion could not have been assigned as error, counsel argues that under Florida law, the insufficiency of evidence warranting a new trial cannot be asserted on appeal. No explanation has been offered, however, as to why the alleged improper jury charge could not be made on assignment of error.

In any event, this is precisely the type of situation which the Supreme Court addressed in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, defendant's court–appointed counsel filed a "no–merit" letter, similar to that filed by trial counsel here, in which he stated that he believed there was no merit to defendant's appeal. Defendant's request for new counsel was denied. The Supreme Court held the no–merit letter and the failure to furnish defendant with counsel "acting in the role of an advocate" denied defendant the right to an effective appeal. The Court then set forth procedures to be followed when defendant's counsel believes there is no merit to the appeal:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so

requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744, 87 S.Ct. at 1400. The Florida District Court of Appeal, First District, recently established procedures pursuant to the Supreme Court's mandate in *Anders*. *See Reed v. State*, 378 So.2d 899 (Fla.App.1980).

Thus, the solution established by the Supreme Court where counsel is not able in good faith to file assignments of error is *not* the automatic supply of a complete transcript. It is instead the implementation of procedures by which counsel apprises the court of possible points of appeal, and the defendant is given the opportunity to raise any points that he chooses.

There is a serious question in this case whether trial counsel has complied with *Anders*, or whether, at the time of petitioner's direct appeal, Florida had implemented procedures designed to ensure that counsel comply with *Anders*. This issue, however, was not raised in either the state courts or the federal district court below. Petitioner has only contested the denial of a complete transcript. Accordingly, the former question is not properly presented to this Court.

This Court has been advised by the state that petitioner still has the opportunity to raise in state court the questions concerning noncompliance with *Anders*. Under Rule 3.850 of the Florida Rules of Criminal Procedure, the petitioner may file with the trial court a Motion to Vacate the Sentence. If the petitioner establishes an *Anders* violation, the trial court would have the jurisdiction to vacate the sentence. In addition, the petitioner may be able to seek state habeas corpus relief, whereby the Florida courts could grant him a belated appeal. *See Baggett v. Wainwright*, 229 So.2d 239 (Fla.1969).

Since petitioner was convicted and sentenced to life imprisonment, his counsel have filed a multitude of motions and brought numerous direct and collateral appeals in state and federal courts. Yet, seven years later, petitioner still has not received a state appeal on the merits of his case. It is sincerely hoped that petitioner will be properly apprised of still available opportunities to contest the adequacy of his representation and that he will at last be able to receive the appellate consideration to which he is entitled.

AFFIRMED.