ORFINGER, Judge.
Petitioner seeks relief by way of habeas corpus from an earlier affirmance of his conviction for armed robbery and kidnapping, alleging ineffective assistance of appellate counsel in his original appeal to the court.[1] We deny the requested relief.
A claim for relief based on alleged ineffective assistance of appellate counsel is properly presented to this court by way of petition for habeas corpus. Knight v. State, 394 So.2d 997 (Fla.1981). In Knight, the Supreme Court laid down these principles upon which such petition must he based:
(1) The specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
(2) The defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. To be ‘below average’ is not enough, for that is self evidently the case half the time.
(3) The defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error.
(4) The State must have an opportunity to rebut by showing beyond a reasonable doubt no prejudice in fact.
Petitioner has not complied with the first three principles, so there is no need for the State to rebut. Petitioner alleges that there were cases which would have been pertinent which his appellate counsel did not cite, but he does not demonstrate: (1) the specific defect or omission in the proceedings to which these cases would point; *1155 (2) how and why the omission to cite these cases was a substantial and serious deficiency measurably below that of competent counsel; and (3) that such omission was substantial enough to demonstrate prejudice to petitioner of such magnitude as to constitute reversible, not harmless error. Until a petitioner meets his initial burden, there is nothing for the State to rebut, nor can we grant relief.
The petition for habeas corpus is DENIED.
FRANK D. UPCHURCH, Jr. and COW-ART, JJ., concur.

. Terry v. State, 397 So.2d 1040 (Fla.5th DCA 1981).