COBB, Judge.
The petitioner, Stephen Walter Purwin, seeks a writ of habeas corpus to secure a belated appeal, claiming ineffective assistance of appellate counsel in his original appeal. See Terry v. State, 404 So.2d 1154 (Fla. 5th DCA 1981); Ross v. State, 287 So.2d 372 (Fla. 2d DCA 1973); Wright v. State, 269 So.2d 17 (Fla. 2d DCA 1972).
The Florida Supreme Court articulated the standards applicable to a review of a claim that appellate counsel was ineffective in Knight v. State, 394 So.2d 997 (Fla.1981). The third burden of the petitioner, according to Knight, is:
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error.
394 So.2d at 1001.
In the instant petition, no effort has been made to meet this initial burden. The putative error — failure to argue the correctness of the trial court’s denial of a motion to suppress — well may have been harmless in view of the state’s remaining evidence identifying the petitioner as the culprit in three murders. Hence, the petition is facially insufficient and is
DENIED.
SHARP and COWART, JJ., concur.