BARFIELD, Judge.
Carlos E. Moore appeals the trial court’s order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. His claim for relief alleges ineffective assistance from his trial counsel in failing to make assignments of error that would enable him to obtain a transcript of his trial proceedings for purposes of appellate review. We agree that appellant was denied effective assistance of counsel and grant him a belated appeal and other relief hereinafter described.
Appellant was convicted of armed robbery in December, 1973, and sentenced to life imprisonment. Appointed defense counsel moved for a new trial, contending that the verdict was contrary to the law and the weight of the evidence and that the trial court erred in giving Standard Jury Instruction 2.12(g) over defendant’s objection. The motion was denied.
Then ensued a curious course of events, a saga of circular motion leading nowhere. Trial counsel from the Public Defender’s Office in the Eighth Judicial Circuit filed a notice of appeal and requested a trial transcript prior to filing assignments of error, as then required by the appellate rules. On January 14, 1974, the Public Defender for the Second Judicial Circuit filed a motion in the trial court for an order to the court reporter to prepare a transcript. In March, 1974, the trial court denied the motion, holding that a defendant is entitled to only those portions of the transcript to which assignments of error are directed. Appellant’s counsel had filed no assignments of error and therefore was not entitled to a transcript. The Public Defender for the Second Circuit appealed that ruling. This court affirmed in Moore v. State, 298 So.2d 561 (Fla. 1st DCA 1974) (Moore I). This court also approved the trial court’s procedure of denying an attorney’s withdrawal following trial until a notice of appeal, assignments of error and directions on preparation of a transcript have been filed.
The Public Defender for the Second Circuit then sought a writ of mandamus from the Florida Supreme Court to set aside this court’s decision in Moore I and to direct the preparation of a transcript. The petition was denied in September, 1974.
In October, 1974, appellant’s trial counsel from the Eighth Circuit moved to withdraw, filing an affidavit stating that he could recall no appealable error. The trial court denied the motion, finding counsel had failed to file assignments of error. The Public Defender for the Second Circuit then filed with this court a motion for clarification of the duties and responsibilities of the Public Defender for the Second Judicial Circuit. That motion requested that this court order the trial court to allow the Public Defender for the Eighth Circuit to withdraw. This court denied that motion as an improper means of seeking appellate review and stated that the duty of the Public Defender for the Second Circuit to handle appeals is permissive only, finding that Florida law provides that the Public Defender for the Second Circuit may handle appeals from other public defenders within the First District. The court cited Moore I for the proper procedure for withdrawal of counsel after trial.
*1370 On April 18, 1975, the Public Defender for the Eighth Circuit filed assignments of error alleging that the trial court erred in refusing to allow trial counsel to withdraw and in denying appellant’s counsel a transcript. He then filed an appellate brief directed to these issues and not to the trial and conviction. This court affirmed the conviction without opinion in Moore v. State, 322 So.2d 88 (Fla. 1st DCA 1975) (Moore II). In December, 1975, the Public Defender for the Second Circuit sought review by the Florida Supreme Court, which was denied. Moore v. State, 336 So.2d 1183 (Fla.1976). The United States Supreme Court refused to grant review on January 10, 1977. Moore v. Florida, 429 U.S. 1046, 97 S.Ct. 751, 50 L.Ed.2d 759 (1977).
Represented by the Public Defender for the Second Circuit, appellant sought habeas corpus relief in the Federal District Court for the Middle District of Florida, alleging that the trial court violated his constitutional rights by denying him a trial transcript. The district court’s denial of the petition was affirmed on appeal. Moore v. Wainwright, 633 F.2d 406 (5th Cir.1980) (Moore III). The Fifth Circuit upheld Florida’s post-trial procedure denying a trial transcript until errors are assigned. However, the court went on to suggest that appellant’s counsel had been ineffective, that there existed an arguable error for appeal, and that appellant had been denied the opportunity of an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
In March, 1985, appellant filed with the circuit court the motion presently under consideration, contending that he had received ineffective assistance of counsel due to his counsel’s failure to file assignments of error. The circuit judge, who was not the original trial judge, denied the motion, finding that trial counsel had filed such assignments in April, 1975. No evidentiary hearing was held, but the court attached the trial counsel's 1974 affidavit that he could not recall any appealable error. The court stated that the First District Court of Appeal had ruled against appellant twice on the issue of a post-trial transcript, suggesting that the issue had been decided against appellant in an earlier appeal and could not subsequently be raised by motion. The trial court’s statement was clearly erroneous, because the motion sets forth a claim for relief on the basis of ineffective assistance of counsel in failing to file assignments of error directed to the trial and conviction. The only proceedings reviewed on appeal to date have been post-trial maneuverings which have placed appellant in a “Catch-22” position.
In the motion under review, appellant contended that the failure of his trial counsel to file assignments of error barred his right to a trial transcript and that the lack of a transcript from which trial error could be detected denied him the right to a direct appeal. This failure, appellant argued, constituted ineffective assistance of counsel as defined by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In his pro se appellate brief, appellant contends that an adequate showing was made to warrant a finding of ineffective assistance of counsel under Strickland v. Washington. He contends that his trial counsel failed to comply with the rules of appellate procedure, a failure below the standard of effective counsel, and that this deficiency thereby denied him the right to an appeal. We agree. Appellant has finally found for himself a dog that will hunt.
Trial counsel apparently discovered himself to be in a procedural quandary following Moore I in which he could not withdraw until he had filed an assignment of error, yet felt that he could not argue in good conscience that reversible error had occurred in the trial court. It appears he assigned the issues of the trial court’s refusal to allow him to withdraw and to provide a trial transcript in order to effect some sort of appeal. At no point does it appear that an Anders appeal was pursued by appellant’s counsel. That type of appeal procedure was available in the First Appellate District. See, Williams v. State, 268 So.2d 415 (Fla. 1st DCA 1972). An Anders appeal would have been consistent *1371 with the procedure outlined in Moore I, inasmuch as the defendant could assign errors where his counsel could not do so in good faith. From the defendant’s assigned errors, a trial record could then be prepared and an appeal taken. It appears from the rather tortured appeal procedure in this case that appellant was not accorded the minimum procedural guarantees required by Anders v. California.
In Moore III, 633 F.2d 406 (5th Cir.1980), the federal appeals court strongly suggested that the Florida procedure in effect at the time of the original appeal did not comply with Anders. Since that issue was not before it, the federal court refused to rule on it. However, the Fifth Circuit noted that a rule 3.850 motion could afford appellant an opportunity to raise the issue of noncompliance with Anders. Further, the court suggested that a petition for writ of habeas corpus might serve as a vehicle for a belated state court appeal on the merits. The court pointed out that an appealable issue existed in the contention of an erroneous jury instruction, 633 F.2d at 409.
We conclude that appellant has not received effective assistance of counsel in this case. The two public defenders found themselves in a procedural quagmire. The Public Defender for. the Eighth Circuit serving as trial counsel could attest to no appealable error at trial and wished to withdraw, but could not until he assigned errors. The Public Defender for the Second Circuit wanted to pursue an appeal, but could not assign errors until he had an opportunity to review the transcript. For some reason an Anders appeal was not pursued. Instead, a futile appeal was taken in Moore II on the issues resolved in Moore I with little likelihood that this court would revérse its earlier decision, forsaking any errors the appellant might have wished to assert.
In Ross v. State, 287 So.2d 372 (Fla.2d DCA 1973), the court reviewed the denial of a motion for post-conviction relief premised on ineffective assistance of counsel. The appeals court discerned a clearly ap-pealable error in the exclusion of psychiatric testimony, even though appellant’s attorney had stated there was no error of arguable merit. The court held that Ross had not received effective assistance from his appellate attorney and treated the appeal as a petition for habeas corpus, relying on Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) to grant belated appellate review on that issue and any other arguable issues appointed appellate counsel could identify.
In Moore III, the Fifth Circuit suggested that an improper jury charge could serve as the basis of a meritorious appeal in this case. The court questioned the failure of counsel to explain why that issue could not be assigned as trial error. We likewise question why counsel failed to assign that issue as trial error, inasmuch as he set forth that error in a motion for new trial. As in Ross, this alleged improper jury charge constitutes a basis from which this court can and does find that appellant is entitled to a belated appeal.
We grant appellant a belated appeal and appoint the Public Defender for the Second Judicial Circuit as appellate counsel. We recognize appellant’s assertion of error in the trial court’s jury instructions and denial of the motion for judgment of acquittal. Since the propriety of these actions by the trial court will depend on a consideration of the totality of the trial proceedings, we direct the trial court to order a transcript of the trial proceedings. Upon receipt of the trial transcript, appellant’s counsel shall diligently prosecute this appeal consistent with the requirements of Anders v. California. If counsel is unable to make a good faith argument of trial error, appellant will be afforded the opportunity to file a brief pro se.
This appellant has been incarcerated in the state prison since December, 1973, and may very well belong there. It is entirely possible that after a determination of this case on the merits, he will remain in prison, but if he does, it will not be because he has been denied his right to appellate review.
The decision of the trial court is REVERSED and appellant is granted a belat *1372 ed appeal which shall proceed consistent with this opinion.
THOMPSON and ZEHMER, JJ., concur.