WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of robbery. We find that appellant has failed to demonstrate reversible error, and we therefore affirm the judgment and sentence appealed.
Appellant was convicted after a jury trial in 1973, and sentenced to a term of life imprisonment. In 1985 a Fla.R.Crim.P. 3.850 motion for post-conviction relief was filed, and this court granted appellant a belated appeal of his 1973 judgment of conviction and sentence. See Moore v. State, 485 So.2d 1368 (Fla. 1st DCA 1986). By this belated appeal appellant now challenges the propriety of the lower court’s response to a jury communication during the 1973 trial.
After the jury retired to commence deliberations in appellant’s trial, it submitted a *1312 request to the court to clarify a notation on the written verdict forms. The record of the proceedings indicates that the court responded to this request in appellant’s absence. Appellant now contends that since the record does not affirmatively state that counsel was then present it should be presumed that the court’s response was made in the absence of his attorney. However, we find no basis for such a presumption and we decline to predicate reversal upon mere speculation.[1] The record does not substantiate appellant’s contention, and an affidavit of trial counsel indicates no recollection of any error in the proceeding. In these circumstances appellant has failed to demonstrate any point of reversible error.
Accordingly, the judgment of conviction and sentence appealed is affirmed.
BOOTH, C.J., concurs.
ZEHMER, J., dissents with written opinion.

. Appellant does not contend that the record is incomplete, but rather concedes that the record is a full and accurate account of the proceeding below.