Arnold Von **PERRY**, Petitioner-Appellant,

v.

**STATE OF TEXAS**, Respondent-Appellee.

No. 71–3164.

United States Court of Appeals,
Fifth Circuit.

March 23, 1972.

4. *See generally*, Developments in the Law—Criminal Conspiracy, 72 Harv.L.Rev. 922, 965–66, 968–71 (1959).

Arnold Von Perry, pro se.

Crawford C. Martin, Atty. Gen., of Texas, Lonny Zwiener, Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ On July 22, 1968, the appellant was convicted of robbery by assault in the State Courts of Texas, and sentenced on October 4, 1968, to serve twenty-five years. After a number of unsuccessful applications for post-conviction relief in the Texas State Courts, including a direct criminal appeal which was held to be "wholly frivolous" by the Texas Court of Criminal Appeals, Perry v. State, Tex.Crim.App.1969, 447 S.W.2d 910, he filed a petition for federal habeas corpus relief in the United States District Court for the Northern District of Texas. Based upon the findings and recommendations of the United States Magistrate, that court denied the peti-

tion without conducting an evidentiary hearing. We affirm.[1]

In his habeas petition filed below, the appellant challenged his conviction on seven grounds: (1) he was arrested without a warrant or probable cause; (2) he was not taken before a magistrate within a reasonable amount of time; (3) he was denied counsel during a police interrogation; (4) he was denied his right to confront the witnesses against him because of the state's failure to call a potential prosecution witness; (5) he was convicted of robbery by assault, whereas the indictment charged him with robbery by firearms; (6) he was denied his right to counsel during a lineup conducted in February, 1968, and was also subjected to a second lineup in which he was the only repeater from the first lineup; and (7) he was denied a copy of his trial transcript for purposes of preparing his *pro se* brief on direct appeal.

■ The district court did not err in its refusal to grant habeas relief on the basis of the appellant's first four contentions, inasmuch as he failed to allege or demonstrate any prejudice resulting to him from the complained of procedures. Further, the court properly held that his fifth contention was without merit since the exhibits to the response filed by the state affirmatively disclosed that prior to trial a motion to delete that part of the indictment charging the appellant with the use of a gun in the commission of the robbery was filed and granted with the effect of reducing the charge to a non-capital offense.

Concerning the lineups, the appellant alleged that he was forced to sign a waiver of counsel, and placed in a police lineup, where he was identified by the victim of the robbery. The appellant also alleged that the in-court identification of him by the store manager, Herbert Shanks, the only witness against

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

him, was inadmissible because it was based upon overly suggestive lineup tactics. He claimed that without his having validly waived counsel, the police placed him in one lineup with several other persons, and some days thereafter placed him in another lineup in which he was the only person shown in the first lineup. He concludes that by this procedure the police were in effect saying to the witness, "This is the man". Perry argued further that the burden was on the State to show that the in-court identification of the appellant was not founded upon an improper lineup.

The court below held that the appellant was not entitled to relief, finding that neither the appellant nor his retained counsel objected to the in-court identification of the defendant by the victim. The court concluded, on authority of Henry v. Mississippi, 1965, 379 U. S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, that the appellant had waived any challenge to the identification evidence.

While this ruling was incorrect[2] we affirm nevertheless. We do so despite the failure of the lower court to make findings of fact either from the state court trial record or as the result of further testimony before it, regarding the propriety of the lineup identification from the standpoints of both lack of counsel and oversuggestiveness.

Examination of the testimony of the identifying witness Herbert Shanks before the state trial court shows that he had ample opportunity to observe both Perry and the other participant in the holdup, Willie Fred Wilson, in a good light at the time of the holdup, that Perry grabbed him around the neck and took him to the back of the store and tied him up, took his wristwatch from his wrist and his money from his person, and that all of this occurred over a period of several minutes during all of which time Shanks and the robber were face to face at close quarters. It is abundantly clear from this testimony that Shanks' identification was based on his observation at the time of the robbery and was in no sense dependent upon either lineup. In these circumstances we consider that it would serve no useful purpose to remand this case for further findings as to the nature and effect of the police lineups. It is clear to us from the record that the lineups did not contribute to the identification of the appellant by Shanks and this being so we conclude that habeas relief on this ground was properly denied. Since the only finding which the evidence supports would be a finding that the identification at trial was based on Shanks' observation at the time of the holdup, and not on the allegedly improperly conducted lineups, we think it would be simply a pointless elevation of form over substance to now require findings by the trial court on this issue.

As to the appellant's remaining contention, that he was denied his trial transcript for appellate purposes, the district court merely stated that it was without merit, and assigned no reason for this conclusion.

The record before this Court shows that on some undisclosed date prior to the affirmance of the conviction, the appellant's court-appointed counsel wrote him advising that the appeal was frivolous and without merit. In what the appellant alleges to be a true copy of the letter, the attorney stated that he was asking the trial judge to make the entire record available to him for filing a *pro se* brief. The exhibits filed by the respondent also contain a letter by the appellant to the Dallas Criminal District Court requesting his record without cost.

An examination of the record reveals that the appellant's court-appoint-

---

2. See Rivers v. United States, 5 Cir. 1968, 400 F.2d 935, *holding that failure to object to an in-court identification did not preclude consideration of the effect of a* claimed overly suggestive post-*Wade* (United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149) lineup on direct appeal.

ed counsel did have a transcript on appeal and did file a brief with the state appellate court in appellant's behalf. We believe that appellant's counsel substantially complied with the procedures promulgated in Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493. Under these circumstances, appellant was not entitled to a free trial transcript for his own use in the preparation of a *pro se* appellate brief. The district court did not err in finding this point to be without merit.

Affirmed.