Rayfield BYRD, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, et al., Respondents-Appellees.

No. 82–3029

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1984.

Rayfield Byrd, pro se.

David T. Weisbrod, Asst. Atty. Gen., Tampa, Fla., for respondents.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

In this habeas proceeding, we consider whether an indigent prisoner has a constitutional right to a transcript in order to petition the state supreme court for discretionary direct review of his conviction.

In 1975, a Florida state jury convicted Rayfield Byrd of first-degree murder and robbery. Following sentencing,[1] Byrd filed an appeal as of right with the Florida District Court of Appeals, Second Circuit. The court determined that Byrd was indigent and appointed a public defender to represent him. Byrd's attorney received leave to withdraw as counsel after he filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating that he discerned no colorable ground for appeal. Byrd then undertook to prepare a brief himself. On October 12, 1976, four days after the pro se brief was filed, Byrd received a copy of his trial transcript. He filed two reply briefs within the next eight days.

On January 19 of the following year the state appeal court ordered Byrd to relinquish his copy of the transcript so that his brother, a codefendant, could write his brief in turn. Byrd complied on March 2. On May 18, he submitted a supplemental brief. The court affirmed his conviction without opinion on August 12. He failed to seek

---

1. He is serving sentences of life imprisonment for the murder and ninety-nine years for the robbery.

discretionary review by the Florida Supreme Court within the thirty days allotted by law.

In 1980, Byrd filed a petition for habeas corpus in Florida circuit court, claiming that his inability to reexamine his trial transcript following confiscation impaired his constitutional right of access to the courts. The state habeas court denied the writ but ordered respondents, state correctional authorities, to furnish Byrd with a copy of his trial transcript. This latter order was quashed upon rehearing after respondents argued that it was the responsibility of the county government, not respondents, to bear the costs of an indigent prisoner's appeal.

Byrd then sought federal habeas relief. The court below granted him leave to proceed in forma pauperis. On the merits Byrd challenged denial of the transcript for purposes of intermediate direct review, state certiorari and federal habeas. The magistrate concluded that confiscation of the transcript did not impair the constitutional rights attending Byrd's intermediate state appeal. Byrd's other claims were not addressed. The district court adopted the magistrate's recommendation and denied the writ without an evidentiary hearing.

Byrd now comes before this court challenging denial of the writ. He renews his argument that his inability to consult his trial transcript made barren his constitutional right of access to the courts.

■ Byrd first argues that this impediment barred him from seeking conflict certiorari in the Florida Supreme Court following his defeat on direct review. According to Byrd, he was unable to prepare a certio-

rari petition because he lacked the assistance of a transcript. The state concedes that Byrd had a right to petition the Florida Supreme Court for discretionary review to resolve conflicting state court opinions under rules in effect in 1977.[2] It contends, however, that Byrd stood to derive no further benefit from reexamining the transcript he had already consulted.[3]

■ We are compelled to differ. It is by now well established that a state which grants appellate review must do so in a way which does not prejudice convicted defendants on account of their poverty. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The fourteenth amendment guarantees a constitutional right of access to state courts which assures the indigent defendant an adequate opportunity to present his claims fairly. *Ross v. Moffitt,* 417 U.S. 600, 606–09, 616, 94 S.Ct. 2437, 2441–2442, 2443, 2446, 41 L.Ed.2d 341 (1974). Whether an appeal is discretionary or rather as of right, indigents share the same rights accorded others to invoke review. *Burns v. Ohio,* 360 U.S. 252, 257–58, 79 S.Ct. 1164, 1168–1169, 3 L.Ed.2d 1209 (1959). By extension, all who pursue articulable claims upon direct appeal, whether as of right or by leave, are assured access to a transcript to aid their preparation. *Mayer v. City of Chicago,* 404 U.S. 189, 190–91 n. 1, 92 S.Ct. 410, 412–413 n. 1, 30 L.Ed.2d 372 (1971).

■ An impoverished defendant who seeks a transcript must first articulate a claim which necessitates reference to the record. *Draper v. Washington,* 372 U.S. 487, 495, 83 S.Ct. 774, 778–779, 9 L.Ed.2d

**2.** Fla.R.App.P. 9.030(a)(2)(A)(iii) (1977). Until 1980 the Florida Supreme Court reviewed "instances of discernable conflict to district court decisions affirming without opinion the orders of trial courts." 381 So.2d 1370, 1375 (Fla. 1980). The rule was amended in 1980 to accord with a state constitutional amendment limiting conflict certiorari to conflicts among *written* opinions. Fla.R.App.P. 9.030(a)(2)(A) (iv) (1983). *See* 391 So.2d 203, 204 (Fla.1980); 381 So.2d at 1371; Fla. Const. art. V, § 3(b)(3).

**3.** By failing to raise any objections it might have had in this court or that below, the state

has waived the exhaustion requirement of 28 U.S.C. § 2254(b), (c). *Lamb v. Jernigan,* 683 F.2d 1332, 1335 n. 1 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1276, 75 L.Ed.2d 496 (1983).

We note that federal habeas relief is an appropriate vehicle for reviewing fourteenth amendment challenges to state appellate procedures. *See Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

899 (1963).[4] Once petitioner has done so, the right of access inheres regardless of the merits of the asserted claim to assure that frivolity "will be tested on the same basis by the reviewing court" for rich and poor alike.[5] *Id.* at 499, 83 S.Ct. at 781.

■ The state responds that no record need be forthcoming since Byrd had no right to court-appointed counsel for discretionary review. In *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Supreme Court held that the right to counsel does not attend discretionary review. It reached that outcome, however, because prisoners would "have, at the very least, a transcript or other record of trial proceedings ... and in many cases an opinion by the [court below] disposing of [their cases]." *Id.* at 615, 94 S.Ct. at 2446.[6] *See also Bounds v. Smith,* 430 U.S. 817, 827, 97 S.Ct. 1491, 1497, 52 L.Ed.2d 72 (1977). We agree that denial of access to the transcript is "incompatible with effective appellate advocacy," *Hardy v. United States,* 375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331

(1964) (Goldberg, J., concurring), whether the advocate be counsel or defendant alone.[7]

■ The state contends that no further evidentiary hearing is needed under *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963) (*codified at* 28 U.S.C. § 2254(d)), to resolve Byrd's claim. Contrary to the state's assertion, however, the record nowhere reflects whether Byrd was denied by virtue of indigency access to his trial transcript in the thirty days immediately following entry of judgment by the Second District Court of Appeal. We therefore reverse the judgment of the district court and remand in accordance with 28 U.S.C. § 2254(d)(3) for an evidentiary hearing to develop the facts requisite to Byrd's claim. If the evidence demonstrates lack of access, Byrd shall prevail only if he can identify a basis for conflict certiorari jurisdiction.

Because we rule in Byrd's favor with respect to the issue of discretionary review,

4. In *Draper,* the Court held that "[a]lternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *Id.* Since the record does not reveal whether Byrd had any access to the record for purposes of certiorari, we need not now decide what precise form of access would satisfy constitutional requirements.

5. The state argues that Byrd had already briefed his claims in the intermediate appeals court and therefore had no further need of a transcript. The record before us is however too scant to admit or deny the truth of this assertion. Byrd's intent to invoke the conflict jurisdiction of the state supreme court presumably would involve discussion of an issue not before briefed, namely, the conflict. *See Ross v. Moffitt,* 417 U.S. at 615, 94 S.Ct. at 2446. The fact that the state intermediate court affirmed Byrd's conviction without opinion did not foreclose the possibility of conflict certiorari. *See supra* note 2. Before 1980 review of conflicts among written decisions and those rendered without opinion "comprised the overwhelming bulk of the [state supreme court's] caseload." 381 So.2d 1370, 1375 (Fla.1980). A transcript may well be a necessary adjunct to preparation of a petition for review where the asserted conflict turns on factual distinctions among decisions.

6. In *Perry v. State,* 456 F.2d 879 (5th Cir.1972), *cert. denied,* 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972), defendant's court-appointed counsel filed an *Anders* brief upon appeal as of right. When Perry then attempted to draft a pro se brief, he was denied access to his trial transcript. We denied relief, noting that "counsel did have a transcript on appeal and did file a brief with the state appellate court in appellant's behalf." *Id.* at 881–82.

   In *Perry,* defendant had the initial benefit of counsel in preparing the appeal during which access to the transcript was denied. Byrd by contrast had no right to counsel in seeking the discretionary review of the Florida Supreme Court. We believe furthermore that application of *Perry* to the case at hand would run afoul of the basic premise of *Ross v. Moffitt,* decided by the Supreme Court after *Perry.* We, therefore, decline to extend *Perry* to this case.

7. The state cites *Moore v. Wainwright,* 633 F.2d 406 (5th Cir.1980), in support of its position. *Moore,* however, involved a wholly different issue. After first reaffirming the *Griffin* principle according indigent defendants a transcript on appeal, *id.* at 408, the *Moore* panel proceeded to consider when that right first attaches. Byrd's claim, in contrast, plumbs the duration of the right to transcript once the defendant has perfected the initial appeal.

we do not reach the transcript claims he presses with respect to his intermediate state appeal and federal habeas review.

REVERSED and REMANDED.