George Gerald CHAMBERLAIN,
Appellant,

v.

Robert ERICKSEN, Warden, Appellee.

No. 83–2307.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1984.

Decided Sept. 25, 1984.

Rehearing and Rehearing En Banc
Denied Nov. 7, 1984.

Mark W. Peterson, Minneapolis, Minn., for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Minn., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

George Gerald Chamberlain appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982).

**Facts**

After a jury trial in Hennepin County District Court, Minneapolis, Minnesota, Chamberlain was convicted of various sexual offenses. The Minnesota State Public Defender, C. Paul Jones, was appointed to represent Chamberlain on his appeal.

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Through a Deputy State Public Defender, the Public Defender notified Chamberlain that the chance of reversal was "practically zero." Chamberlain, however, instructed the Deputy to file a notice of appeal and requested "a copy of the transcript and related records in order that I may continue with the appeal Pro-Se (sic) or make other arraingments (sic)." Brief of Appellant at Exhibit B.

Chamberlain subsequently made repeated requests to the Public Defender and the Supreme Court of Minnesota for a copy of his transcript, for a new lawyer, and for authorization to submit a pro se brief. The Supreme Court denied substitution of counsel, referred Chamberlain to the Public Defender for access to his transcript, and allowed Chamberlain to file a supplemental brief. The Public Defender filed a brief raising issues not relevant here. Chamberlain's supplemental brief raised the issue of his dissatisfaction with the Public Defender and his inability to obtain his transcript. The Supreme Court of Minnesota subsequently affirmed Chamberlain's conviction and declared that the contentions raised in his supplemental brief were without merit. *State v. Chamberlain,* 301 N.W.2d 313 (Minn.1981). Chamberlain again requested his transcript because he wanted to represent himself in post conviction proceedings. These requests were ignored and ultimately denied.

Chamberlain then filed the present petition for writ of habeas corpus in federal district court, alleging denial of his right to self-representation, his right to the trial transcript, and his right of access to the courts. The district court found that Chamberlain had not been deprived of his constitutional rights, and dismissed with prejudice the habeas petition.

**Issues**

Chamberlain asserts on appeal that he was denied (1) his right of self-representation, (2) his right to a transcript of the trial proceedings, and (3) his right of meaningful access to the courts.

At oral argument, upon request of this court, the State agreed to cooperate with Chamberlain's counsel in seeking a copy of the trial transcript from the Public Defender for Chamberlain's use. Counsel has advised the court that the transcript and related records have been obtained and loaned to Chamberlain for his use.

**Discussion**

**A. Defendant's Right of Self-Representation** [1]

In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court recognized that a defendant in a state criminal trial has a right to represent himself or herself without assistance of counsel. The right of self-representation derives from a personal right under the Sixth Amendment applicable to the states through the Fourteenth Amendment. As the Court observed:

The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law." *Illinois v. Allen,* 397 U.S. 337, 350–351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353 (Brennen, J., concurring) (footnote omitted).

*Faretta,* 422 U.S. at 834, 95 S.Ct. at 2540; *see McKaskle v. Wiggins,* —— U.S. ——, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (hold-

---

**1.** In the early stages of the proceeding before the Supreme Court of Minnesota, Chamberlain moved the court for appointment of new counsel, asserting his right of self-representation in the alternative. The Minnesota court correctly denied Chamberlain's motion for the appointment of counsel. To warrant substitution of counsel, Chamberlain had to demonstrate justifiable dissatisfaction with the public defender. *See United States v. Hart,* 557 F.2d 162 (8th Cir.), *cert. denied,* 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977); *Gregory v. United States,* 365 F.2d 203 (8th Cir.1966), *cert. denied,* 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967).

ing that the acts of a defendant's criminal trial standby counsel did not deprive the defendant of his right of self-representation).

Contrary to Chamberlain's argument, it is not settled whether the right of self-representation under *Faretta* extends to a defendant's appeal from a conviction. *See generally* Annot., 24 A.L.R. 4th 430 (1983). In *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), the Supreme Court recognized the discretionary power in an appellate court to allow a defendant to appear before it and participate in oral argument. The Court stated:

> The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. * * The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution * * *. Oral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates. (citations and footnote omitted).

*Id.* at 285–86, 68 S.Ct. at 1059–60.

The Court in *Faretta* quoted with approval the *Price* distinction between trial and appellate self-representation rights. This court and other courts have also expressly or implicitly recognized a difference between the right at trial and on appeal. In *Baker v. Arkansas*, 505 F.2d 750 (8th Cir.1974) (per curiam), this court upheld an Arkansas Supreme Court rule requiring pro se briefs in criminal appeals to be accompanied by an affidavit stating that the

prisoner prepared his or her brief without the assistance of another prison inmate. This court held that neither a person's right of access to the court nor the right to petition the court was impaired by the Arkansas court rule. In *In Re Walker*, 56 Cal.App.3d 225, 128 Cal.Rptr. 291 (Cal.Ct. App.1976), the California court cited the language quoted from *Faretta* and *Price* to support its holding that a criminal defendant has no constitutional right of self-representation on appeal.

■ A defendant's right to file a pro se brief or motions is distinguishable from a defendant's right to make oral argument before the court. *See generally Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Annot., 24 A.L.R. 4th 266 (1983). We have no doubt that a defendant is not required to have counsel forced upon him or her. *See Price*, 334 U.S. at 280, 68 S.Ct. at 1057; *Garrison v. Lacey*, 362 F.2d 798, 799 (10th Cir.1966), *cert. denied*, 387 U.S. 911, 87 S.Ct. 1696, 18 L.Ed.2d 630 (1967). This rule is true not only at trial but on appeal. Recognition of this principle lends itself to the recognition that all defendants have a basic right to address the court with a pro se brief.

■ In the present case, the Minnesota court entered an order allowing Chamberlain to file a pro se supplemental brief. The court also had the brief of the Public Defender. Chamberlain's problem was that the Public Defender denied Chamberlain access to his transcript.[2] Because the transcript is now available, this problem has been obviated. Under these circumstances, we feel we need not address Chamberlain's constitutional claims.

---

**2.** The Court in *United States v. MacCollom*, 426 U.S. 317, 326, 96 S.Ct. 2086, 2092, 48 L.Ed.2d 666 (1976) (citation omitted) stated: "[t]he basic question is one of adequacy of respondent's access to procedures for review of his conviction * * *." *See also Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) (stating that a state must provide an indigent defendant with a transcript of prior proceedings when that transcript is necessary to mounting an effective defense or appeal); *Eskridge v. Washington State Bd. of Prison Terms and Pa-* *roles*, 357 U.S. 214, 216, 78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269 (1958) (per curiam) ("We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But * * * '[d]estitute defendants must be afforded an adequate appellate review as defendants who have money enough to buy transcripts.'") (citation omitted); *cf.* Note, *The Jailed Pro Se Defendant and the Right to Prepare a Defense*, 86 Yale L.J. 292 (1976) (arguing that an adequate opportunity to prepare one's own defense is a fundamental component of due process).

In *Perry v. Texas*, 456 F.2d 879 (5th Cir.) (per curiam), *cert. denied sub. nom. Von Perry v. Texas*, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972), a state prisoner petitioned for federal habeas corpus, claiming that he was denied his trial transcript on appeal. The district court dismissed the claim as meritless. The appellate court affirmed. The court reasoned that because petitioner's court-appointed counsel had a transcript on appeal and filed a brief with the state appellate court, counsel had fulfilled the requirements set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 *reh'g denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967). Petitioner was thus "not entitled to a free trial transcript for his own use in the preparation of a *pro se* appellate brief." *Perry*, at 882. In a later case, the Eleventh Circuit Court of Appeals held on a habeas corpus petition that an indigent prisoner has a constitutional right to a trial transcript on direct discretionary appeal. *Byrd v. Wainwright*, 722 F.2d 716 (11th Cir.1984) (per curiam). The court reasoned that in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), it was held that the right to counsel does not attach to a discretionary appeal because "prisoners would 'have, at the very least, a transcript or other record of trial proceedings * * *.'" 722 F.2d at 719 (citations omitted). The court distinguished *Perry* by explaining that "defendant had the initial benefit of counsel in preparing the appeal during which access to the transcript was denied." *Id.* at 719 n. 6. Defendant Chamberlain also had the benefit of counsel and counsel's brief on behalf of defendant on his direct appeal. Under the test enumerated in *Britt v. North Carolina*, 404 U.S. 266, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) (enumerating two factors relevant to a determination of indigent defendant's need for a transcript of prior proceedings: value of

the transcript to the defendant and availability of alternative devices), and the considerations developed in *Perry v. Texas*, 456 F.2d 879 (5th Cir.) (per curiam), *cert. denied sub.nom. Von Perry v. Texas*, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972), and *Byrd v. Wainwright*, 722 F.2d 716 (11th Cir.1984) (per curiam), defendant's claimed right to a transcript may have been fulfilled through his attorney's brief.[3]

## B. Defendant Has A Remedy Under Minnesota Law

Chamberlain's constitutional claims are best answered by Justice Blackmun's concurring opinion in *United States v. Mac-Collom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). The Justice said: "The answer to this case lies, I think, in the fact that respondent * * * has a *current* opportunity to present his claims fairly, and we need not consider the constitutional significance of what he might have done * * *." *Id.* at 329, 96 S.Ct. at 2093 (Blackmun, J., concurring).

Under Minnesota law, Chamberlain has the right to bring a petition for post conviction relief in the Minnesota district courts in which he may assert any claims that have not yet been presented to the Minnesota Supreme Court. Minnesota Post Conviction Act, Minn.Stat.Ann. § 590.01(1) (West Supp.1984); *see also State v. Myers*, 273 N.W.2d 656 (Minn.1978); *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). With access to his transcript, Chamberlain is now able to pursue his own appeal based on any errors he may find in the transcript that were not raised by the Public Defender in his first appeal.[4]

The order denying the petition for a writ of habeas corpus is affirmed.

---

3. Although the issue need not be decided, Chamberlain's case could be distinguished from the *Perry* defendant. Chamberlain apparently did not want his appointed counsel on appeal to file a brief, while in *Perry* the defendant's counsel determined himself that the appeal was wholly frivolous and withdrew.

4. The purpose and policy behind the Minnesota Post Conviction Act encourages disposition on the merits rather than procedural grounds. *Bangert v. State*, 282 N.W.2d 540, 545 (Minn. 1979).