UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 91-6142
_____

Ivey v. Myers,

Petitioner-Appellant,

versus

James A Collins, Director,
Texas Deptartment of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____
Appeal from the United States District Court
for the Southern District of Texas
_____
(November 18, 1993)

Before JOHNSON, WIENER, AND DeMOSS, Circuit Judges.

JOHNSON, Circuit Judge:

In this habeas corpus case, petitioner Ivey V. Myers ("Myers") alleges that he is being confined in violation of his federal constitutional rights. In particular, Myers contends that he has been denied his right to self-representation on appeal, that he received ineffective assistance of counsel, that his due process rights were violated, and that there was insufficient evidence to support his conviction. The district court granted summary judgment for the State dismissing all of Myers' claims. We reverse.

I. FACTS AND PROCEDURAL HISTORY

On Easter Sunday, 1986, Myers drove up next to Samuel Ybarra on a narrow street, robbed Ybarra at gunpoint and drove off. While Myers was driving off, Ybarra was able to get the license

number of the vehicle.  With this information, the police were able to trace the vehicle to Myers' mother.  Police then showed Ybarra a picture line-up and Ybarra identified Myers as the man who had robbed him.

Myers retained counsel to assist him at trial, but he also wished to actively participate in his own defense.[1]  Accordingly, at the beginning of the trial, Myers filed a motion seeking to be appointed co-counsel.  The court denied this motion, though, and the trial proceeded with Myers' retained counsel presenting Myers' defense.  That defense was unsuccessful.  The jury convicted Myers of aggravated robbery and the judge sentenced him to twenty-five years' imprisonment.

At the sentencing hearing, Myers served his *pro se* Motion for New Trial and Notice of Appeal.  Myers also requested that he be

---

[1]  In all phases of this criminal proceeding, Myers has sought to participate in his defense.  In that regard, he has filed numerous *pro se* documents at trial, in his direct appeal and in his habeas corpus action.  Further, he requested to be appointed co-counsel at trial and sole counsel on appeal.

allowed to represent himself on appeal.[2]  The court complied with this request.

Nevertheless, Myers did not represent himself on appeal.[3] His appellate brief was instead filed by appointed standby counsel.  The Fourteenth Court of Appeals affirmed the judgment of the trial court, and Myers' petition for discretionary review,

---

[2]  Myers made this request in the following colloquy at the end of the sentencing hearing:

MYERS:     I would like at this time to file my notice of appeal.

COURT:     Certainly, sir.

MYERS:     I would like to also advise the Court that I'm indigent and cannot afford an attorney nor could I afford a transcript and would the Court provide me these?

COURT:     Certainly.

MYERS:     As well as the right to be my own lawyer.

COURT:     You want to be your own lawyer with no assistance from a lawyer?

MYERS:     This is what I asked the first time and also asked the second time.

COURT:     You may be your own lawyer, sir, but I think I'll appoint someone to stand by in case you need some assistance.

[3]  The court appointed Janet Morrow as standby counsel to assist Myers if needed.  Thus, in the court records, Morrow was listed as attorney of record on appeal and it was Morrow who secured the trial transcript.  Myers contends that he informed Morrow that he wished to represent himself and that he requested that Morrow provide him with the transcript.  However, Morrow never provided Myers with the transcript.  Instead, she allegedly told Myers that she had been appointed to represent him and that if Myers had any problems with that he could take the matter up with the court.  Accordingly, Morrow proceeded to file a brief on Myers' behalf.

also filed by appointed counsel, was denied by the Texas Court of Criminal Appeals.

Myers then initiated habeas corpus proceedings. His first federal petition for writ of habeas corpus was denied by the federal district court for failure to exhaust state remedies. A panel of this Court vacated that order, however, and remanded the case for consideration of the merits. On remand, the district court ordered the State to file a motion for summary judgment as to the merits of Myers' claims. In response, the State filed a motion to dismiss contending that sufficient evidence supported Myers' conviction, that Myers' due process rights were not violated, that Myers' counsel was not constitutionally ineffective and that there was no error in any alleged denial of Myers' right to represent himself. The court treated this motion as a summary judgment and granted it thereby dismissing all of Myers' claims. Myers appeals.

## II. DISCUSSION

Among other complaints, Myers contends that he has been denied his federal constitutional right to represent himself on appeal. This Court has never squarely addressed whether or not a right of self-representation on appeal flows from the Federal Constitution to the benefit of state prisoners. Thus, as an initial matter, we must determine if such a right exists under the Constitution.

4

A.   *Self-Representation*

   1.   *Trial*

In a criminal trial, a defendant has a constitutional right to the assistance of counsel to aid in the presentation of his defense.  *Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 797 (1963).  *See also Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).  Implicit in this affirmative right to counsel at trial is its converse--the right to refuse counsel and represent yourself.  *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 949 (1984).  This right of self-representation is now firmly established in a criminal trial.  *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533 (1975).

   2.   *Appeal*

There is also a right to counsel for indigents in their first appeal as a matter of right.[4]  *Douglas v. California*, 372 U.S. 353, 358, 83 S.Ct. 814, 817 (1963).  However, it is not clear

---

[4]   The right to counsel at trial is different from the right of counsel on appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 392, 105 S.Ct. 830, 834 (1985).  At trial, the right of counsel flows from the explicit grant of that right in the Sixth Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Gideon*, 83 S.Ct. at 794.  On appeal, the right to counsel stands on a different constitutional footing.  The cases that have developed the appellate right of counsel recognize that there is no constitutional right to appeal.  *Ross v. Moffitt*, 417 U.S. 600, 611, 94 S.Ct. 2437, 2444 (1974); *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 914 (1894).  However, if a right of appeal is granted by statute, the Due Process and Equal Protection Clauses of the Fourteenth Amendment demand that the procedures afforded be fair and adequate.  *Griffin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 591 (1956).  To help ensure the fairness of those procedures, counsel must be appointed for indigent defendants on their first appeal as a matter of right.  *Douglas*, 83 S.Ct. at 817.

whether, or to what extent, this *appellate* right of counsel implies its converse--a right of self-representation on appeal. This is because in *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049 (1948), the Supreme Court held that an appellate court has discretionary power over whether or not to allow a defendant to present oral arguments *pro se*.[5]  Specifically, the *Price* Court stated that

> a prisoner has no absolute right to argue his own appeal
> or even to be present at the proceedings in an appellate
> court.  The absence of that right is in sharp contrast
> to his constitutional prerogative of being present in
> person at each significant stage of a felony prosecution
> . . .

*Id.* at 1060 (citations and footnote omitted).  This holding belies any argument that a defendant has a right to personally present oral arguments on appeal.  Moreover, the above-quoted language from *Price* was quoted with approval in *Faretta*,[6] the Supreme Court case that announced the right to self-representation at trial, thus undermining any argument that *Faretta* restricted *Price*.

The Eighth Circuit, however, has noted a distinction between the right to present *oral arguments* and the right to present a *brief* to an appellate court.  *Chamberlain v. Ericksen*, 744 F.2d 628, 630 (8th Cir. 1984), *cert. denied*, 470 U.S. 1008 (1985).  As to presenting oral arguments, the *Chamberlain* court found that the above-quoted language from *Price* foreclosed any right of a

---

[5]  This holding was based on the reasoning that "[o]ral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates."  *Price*, 68 S.Ct. at 1060.

[6]  95 S.Ct. at 2531.

6

defendant to act *pro se*.  But, this did not foreclose a right of a defendant to present a *pro se* brief.  In light of this, the court argued that, whether at trial or on appeal, a defendant should not be required to have counsel forced upon him or her.  *Id.*  Thus, the *Chamberlain* court found that a criminal defendant does have a right under the Constitution to present *pro se* briefs or motions on appeal.  *Id.*

The reasoning of the Eighth Circuit in *Chamberlain* is persuasive.  Whether at trial or appeal, a defendant is not required to accept unwanted counsel.  Accordingly, this Court agrees with the Eighth Circuit in *Chamberlain* and we hold that a state criminal defendant has a constitutional right to present *pro se* briefs and motions on appeal.[7]

B.    *Summary Judgment*

A summary judgment is only appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Valles v. Lynaugh*, 835 F.2d 126 (5th Cir. 1988).  Moreover, in an appeal of a summary judgment, a reviewing court must resolve any factual

---

[7]    This instant case is presented on collateral review. Moreover, it could be argued that the holding announced today is a "new rule" and federal courts are generally barred from announcing new rules in the habeas corpus setting by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989).  However, neither party has raised this issue and the Supreme Court has recently announced that the *Teague* rule is not jurisdictional.  *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 2718 (1990).  In *Youngblood*, a case before the Supreme Court on collateral review, the State did not raise *Teague* and the Court expressly refused to raise it *sua sponte.*  We need not do so either.

uncertainties in a light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986).

In the instant case, the State argues that Myers abandoned his right to present his appellate brief *pro se*.[8] This occurred, the State contends, when Myers acquiesced in standby counsel's participation in his appeal.

Whether or not Myers abandoned this right was a material question of fact. Viewing the record in a light most favorable to Myers, we find that this factual question was not resolved.[9] Thus, the district court's granting of the State's motion for summary judgment in the instant case was inappropriate.

### III. CONCLUSION

This Court REVERSES the granting of the State's motion for summary judgment and REMANDS this case to the district court for

---

[8]  The State does not contest that Myers invoked this right. Neither does the State contest that Myers has a constitutional right to present *pro se* briefs on appeal. In fact, Texas also allows a right of self-representation on appeal as a matter of right while denying any right of a defendant to present oral argument. *Webb v. State*, 533 S.W.2d 780, 785 (Tex. Crim. App. 1976).

[9]  What the record does show is that Myers filed his own notice of appeal and made his own request for designation of the record on appeal. Furthermore, the record shows that Myers was never able to secure a copy of the trial transcript from standby counsel from which he might have been able to prepare a *pro se* brief. Lastly, a document appears in the record wherein Myers attempted to mandamus the Fourteenth Court of Appeals. The purpose of this mandamus was to secure for Myers the right to represent himself on appeal. Viewed in a light most favorable to Myers, this evidence is sufficient to raise a material issue of fact as to whether Myers abandoned his right to present a *pro se* brief.

an evidentiary hearing to determine whether or not Myers abandoned his right to file a *pro se* brief on appeal.  In light of this disposition, the Court refrains from addressing Myers' other claims.