**Drexell GREENE, Petitioner,**

v.

**Anthony BRIGANO, Respondent.**

No. C–1–93–816.

United States District Court,
S.D. Ohio,
Western Division.

Oct. 10, 1995.

Gregory Lawrence Ayers, Ohio Public Defender Commission, Columbus, OH, for plaintiff.

Mary L. Hollern, Ohio Attorney General, Capital Crime Section, Columbus, OH, for respondent.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

SPIEGEL, Senior District Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10), and the Respondent's objections (doc. 11).

The petitioner, an inmate at the Warren Correctional Institution, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). The matter was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Western Division Local Rule No. 1.

The Court has reviewed the complete file de novo, pursuant to 28 U.S.C. § 636, and concurs with the findings and conclusions contained in the Report and Recommendation of the United States Magistrate Judge.

## BACKGROUND

Drexell Greene was convicted of murder and sentenced to fifteen years to life on May 4, 1990. On June 4, 1990, Mr. Greene filed pro se a notice of appeal. Mr. Greene also requested assignment of counsel. The Ohio Court of Appeals denied the request since Greene already had counsel of record from the trial.

Upon court order, Greene's trial counsel filed a request that the trial transcript be prepared. While waiting for the transcript to be prepared, trial counsel moved for an extension of time to file appellate brief. The Court of Appeals granted an extension to October 5, 1990.

In late September 1990, Mr. Greene filed a motion to dismiss counsel and for leave to proceed pro se. Petitioner's counsel also filed a motion to withdraw. The Court of Appeals granted both motions.

The trial transcript was subsequently filed with the Court of Appeals. Greene requested the trial court send him a copy of the transcript at the Warren Correctional Institute in order to prepare his brief. Ohio law, however, only calls for the preparation of one transcript which is filed with the Court of Appeals.[1]

Greene filed a motion to extend time to file the brief which was granted until November 6, 1990. Greene never received a copy of the transcript. Greene's appeal was dismissed for want of prosecution when he failed to file an appellate brief by the deadline established by the Court of Appeals.

Greene filed an application to reconsider and a writ of mandamus ordering the trial court send him a copy of the transcript. The Ohio Court of Appeals denied both requests. The Ohio Supreme Court affirmed the decisions. State ex rel. Greene v. Enright, 63 Ohio St.3d 729, 590 N.E.2d 1257 (1992), cert. denied, 506 U.S. 1025, 113 S.Ct. 667, 121 L.Ed.2d 591 (1992). The Ohio courts concluded that Greene relinquished his right of access to the transcript by knowingly and

---

1. Apparently, only Cuyahoga County has a procedure to provide pro se defendants access to their trial transcript.

intelligently waiving assistance of counsel on appeal.

## DISCUSSION

The question raised by the petitioner's habeas corpus petition is whether an indigent prisoner's equal protection and due process rights are violated when a state refuses to provide him access to the trial transcript when he seeks to proceed *pro se* on appeal. The Magistrate Judge found that the denial of the transcript was a constitutional violation. This Court agrees with the Magistrate Judge's determination. Ohio's refusal to provide an incarcerated indigent *pro se* defendant access to his trial transcript violates the long standing constitutional right of access to a trial transcript in two fundamental ways. First, the Ohio policy discriminates against those defendants too poor to afford transcripts in violation of equal protection and due process. Second, the denial effectively defeats the petitioner's right to counsel upon appeal.

### Equal Protection and Due Process

■ The Equal Protection Clause protects indigent defendants from procedural rules that unfairly affect their right to an effective defense. *See e.g., Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (requiring the State to provide indigent defendants counsel in criminal trials); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (holding that state must provide free copy of transcript to indigent defendants for appeals as a matter of right). The Equal Protection Clause requires that state appellate procedures be "free of unseasoned distinctions." *Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966). Essentially, the integrity of the criminal justice system requires that everyone—rich or poor—receive an equal chance to use the system's mechanisms. As Justice Black so eloquently put it, "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." *Griffin,* 351 U.S. at 19, 76 S.Ct. at 590. "Unfairness results [ ] if indigents are singled out by the state and denied meaningful access to the appellate system because of their poverty." *Ross v. Moffitt,* 417 U.S. 600,

611, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974). Therefore, the Equal Protection Clause is offended when poor defendants are required to appeal without the benefit of a transcript because they cannot afford to reproduce it.

■ Prisoners have a constitutional right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1976). The Due Process Clause requires that prisoners have "meaningful access." *Id.* at 823, 97 S.Ct. at 1495 (citations omitted). The only way to assure an adequate and effective appeal is to provide a transcript of the proceedings to indigent defendants. *Griffin,* 351 U.S. 12, 76 S.Ct. 585.

■ The United States Supreme Court has consistently held that denial of a transcript to indigent defendants violates both the Due Process and Equal Protection Clauses. *Id.* Without a transcript the defendant is denied meaningful access to the appellate system. *See Hardy v. United States,* 375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331 (1964) (stating that transcript is "the most basic and fundamental tool" of effective appellate advocacy). In addition, the principles of equal protection require that poor defendants have the same access to the procedures of the criminal justice system. *Griffin,* 351 U.S. at 19, 76 S.Ct. at 590 ("Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."); *Lane v. Brown,* 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963) (extending the indigent defendant's right to transcripts to state post-conviction proceedings). Accordingly, when the State provides an appeal as a matter of right, the Equal Protection and Due Process Clauses require that the State not discriminate in allowing access to the trial transcript on the basis of indigence.

The importance of access to the trial transcript for making an effective appeal cannot be overstated. This is especially so for *pro se* litigants.

> [W]e deal with an adversary system where the initiative rests with the moving party. Without a transcript the petitioner ...

would only have *his own lay memory* of what transpired before the Superior Court. For an effective presentation of his case he would need the findings of the Superior Court and the evidence that had been weighed and rejected in order to present his case in the most favorable light. Certainly a lawyer, accustomed to precise points of law and nuances in testimony, would be lost without such a transcript.... A layman hence needs the transcript even more.

*Gardner v. California,* 393 U.S. 367, 369–70, 89 S.Ct. 580, 582–83, 21 L.Ed.2d 601 (1969) (emphasis added).

In *Gardner,* a *pro se* habeas petitioner was denied a copy of the transcript from his original habeas proceeding. While at the same time, both the State attorney and the appellate court were supplied copies of the transcript. The Court found that it was improper for transcripts to be supplied to some, but not to those who cannot afford them. *Id.* at 370, 89 S.Ct. at 582. Mr. Greene's situation is even more compelling. Mr. Greene was denied access to the trial transcript on his direct appeal.

■ Straightforward application of *Griffin* and its progeny require that Ohio provide a transcript to Mr. Greene. In fact, the United States Supreme Court answered the question presented here more than thirty years ago. The Supreme Court found that state procedures which deny a *pro se* defendant access to a transcript are unconstitutional. *Lane,* 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). At issue in *Lane,* was an Indiana policy which required filing of a transcript for appeals from the denial of a writ of error *coram nobis. Id.* at 481, 83 S.Ct. at 770. The Supreme Court overturned an Indiana law which denied a defendant a transcript when he wished to proceed *pro se* after being denied representation by the public defender's office. *Id.* at 484–85, 83 S.Ct. at 772. Under the "Public Defender Act, only the Public Defender can procure a transcript of a *coram nobis* hearing for an indigent, an indigent cannot procure a transcript for himself

and appeal *pro se....*" *Id.* at 481, 83 S.Ct. at 770. The Supreme Court concluded that such a system violated the principles of Equal Protection as stated in *Griffin v. Illinois. Id.* 372 U.S. at 483, 83 S.Ct. at 772.

More recently, two circuit courts have also concluded that a *pro se* criminal defendant is entitled to trial transcript. *See Lumbert v. Finley,* 735 F.2d 239, 244, 246 (7th Cir.1984); *Byrd v. Wainwright,* 722 F.2d 716, 719 (11th Cir.1984) *cert. denied,* 469 U.S. 869, 105 S.Ct. 217, 83 L.Ed.2d 147 (1984). Neither court conditioned the right to a transcript on the acceptance of court appointed counsel.

In *Lumbert,* the *pro se* defendant complained that a delay in receiving his trial transcript based on state procedures violated his rights by denying him access to the appellate process and his right to self-representation. *Lumbert,* 735 F.2d at 243. Illinois' procedure required an inmate to utilize the services of a custodian to receive the transcript. *Id.* at 244. Although undecided whether he had a constitutional right to self-representation, the court stated that "Lumbert clearly had a right of access to his trial transcript, and the state had an obligation to provide such access." *Id.* at 246. The court found that the state procedures fulfilled that duty. *Id.*

In *Byrd,* Florida was required to provide a habeas petitioner a copy of his trial transcript to prepare his state habeas petition. *Byrd,* 722 F.2d at 719. Petitioner's counsel filed an *Anders* brief [2] and withdrew as counsel on his appeal as a matter of right. Petitioner was given access to the transcript in order to prepare his appellate brief. Subsequently, the court ordered the transcript returned for his codefendant's use. Florida argued that since the defendant was not entitled to counsel on discretionary review he had no right to the trial record either. The Eleventh Circuit disagreed stating, "that denial of access to the transcript is 'incompatible with effective appellate advocacy,' whether the advocate be counsel or defendant alone." *Id.* (quoting *Hardy v. United States,*

---

2. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (defendant's counsel may file a brief stating that there are no colorable grounds for appeal in order to satisfy her duty of effective representation).

375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331 (1964)) (footnote omitted).

Likewise, the Minnesota Supreme Court determined that a criminal defendant has a right to proceed *pro se* on appeal and receive a transcript to effectuate that appeal. *Minnesota v. Seifert,* 423 N.W.2d 368, 371 (Minn.1988). The court held that since he has the right to self-representation, he must be given access to the trial transcript in order to prepare an appeal. *Id.* "This is nothing more than a concrete example of the rationale that 'destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.'" *Id.* (quoting *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)).

The Ohio Supreme Court, while agreeing that a defendant has a right to proceed *pro se* on appeal, conditioned the right to receipt of a trial transcript on acceptance of appointed counsel. The United States Supreme Court has never conditioned the receipt of a trial transcript upon the acceptance of appointed counsel. Ohio analogizes Mr. Greene's request to that of inmates who sought a right of access to a law library to pursue their appeals. Several courts have held that when a defendant waives his right to counsel he also waives his right to access to a law library. *United States v. Smith,* 907 F.2d 42, 45 (6th Cir.1990); see also *United States ex rel. George v. Lane,* 718 F.2d 226 (7th Cir.1983); *United States v. Chatman,* 584 F.2d 1358 (4th Cir.1978).

Access to a trial transcript is significantly different from access to a law library. Unlike the law library situation, the trial transcript is something the state always provides the defense—whether the defendant can afford to purchase it or not. On the other hand, when the State appoints an attorney to represent an indigent defendant it does not also provide that attorney with a law library. The library, along with the attorney's skills in advocacy and the law is what the attorney provides an indigent defendant. Consequently, when a defendant chooses to forego that representation, he also forgoes the ad-vantages that representation brings to his defense.

The transcript is a distinctive item. The state must provide the transcript to the defense whether the defendant can pay for its production or not. The state is the sole source of the trial transcript. On the other hand, a *pro se* defendant denied access to a law library may be able to get legal information from other sources such as family, friends or other inmates.

No other court has found the library cases analogous to a transcript denial. On the other hand, the United States Supreme Court has held that a criminal defendant has a right to a transcript even in situations where he does not have a right to an attorney.[3] *Gardner,* 393 U.S. 367, 89 S.Ct. 580 (granting petitioner access to transcript of first state habeas hearing for subsequent appeal); *Lane v. Brown,* 372 U.S. 477, 83 S.Ct. 768 (overruling Indiana law which allowed public defender to decide which defendants could have access to transcript for secondary appeal). In fact, two courts which found that *pro se* defendants have a right to their transcript seemingly rejected such an analogy. Although not explicitly addressing the analogy, both the Seventh Circuit and the Minnesota Supreme Court discussed the law library cases when requiring that *pro se* defendants have access to their transcript. Neither the Seventh Circuit nor the Minnesota Supreme Court stated that the waiver of counsel amounted to a waiver of access to the transcript. In *Lumbert,* the court noted that it took a different approach to a defendant's demand for a right of access to a law library. *Lumbert,* 735 F.2d at 246. In *Seifert,* the Minnesota Supreme Court noted that the right to proceed *pro se* comes with disadvantages. One major disadvantage identified by the court was that the defendant would have no right of access to a law library. *Seifert,* 423 N.W.2d at 372.

Accordingly, *Griffin* is applicable in this case. *Griffin* and its progeny find that procedures which adversely affect indigent defendants are improper. When the court only provides a transcript to certain defendants it discriminates against indigent defendants.

---

**3.** The Supreme Court held that a defendant has no right to court-appointed counsel on discre-tionary review. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

Here, a specific subset of indigent defendants (those who chose to represent themselves upon appeal) are denied access to their trial transcript. Consequently, Ohio violated Mr. Greene's rights under the Equal Protection and Due Process Clauses when it denied him access his trial transcript.

### Right to Counsel

■ Ohio argues that when Mr. Greene waived his right to appellate counsel he gave up his right to access the transcript. For a waiver to be effective, however, it must be knowingly and intelligently made. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A knowing and intelligent waiver requires that the defendant "be made aware of the dangers and disadvantages of self-representation." *Id.* at 835, 95 S.Ct. at 2541. In this case, no evidence exists that Mr. Greene's waiver included a warning that he would not be able to view his trial transcript. It does not seem appropriate to prevent Mr. Greene's access to the transcript based upon a waiver that included no warning of this consequence. Consequently, the Court finds that Mr. Greene's right to counsel upon appeals was violated since the waiver of counsel was not knowingly and intelligently made.

## CONCLUSION

The Court hereby ADOPTS the recommendation of the Magistrate Judge. Accordingly, counsel for the petitioner is ORDERED to file a motion to reinstate petitioner's appeal, as well as to obtain access to the trial transcript. In the event the appeal is not reinstated or petitioner is not afforded access to the trial transcript within sixty (60) days of the filing of the petitioner's motion, his petition for a writ of habeas corpus will be GRANTED. Petitioner is also ORDERED to notify the Court in writing upon expiration of the Sixty (60) day period if the appeal is not reinstated or the petitioner is not provided access to the trial transcript for the purposes of preparing a *pro se* appellate brief.

SO ORDERED.